UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE M. o/b/o BRENDA W.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C20-5774-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his deceased mother's applications for Supplemental Security Income and Disability Insurance Benefits.[1] Plaintiff contends the administrative law judge ("ALJ") erred in: (1) assessing Claimant's residual functional capacity ("RFC"); (2) assessing certain medical opinions; (3) discounting lay statements; and (4) characterizing Claimant's past work as substantial gainful activity at step four.[2] (Dkt. # 21 at 1-2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and

---

[1] The claimant died after the second administrative hearing and before the entry of the ALJ's decision appealed here. AR at 943-45. This order refers to the deceased as "Claimant," and her son as "Plaintiff."

[2] Plaintiff also challenges the ALJ's step-five findings, but in doing so, only reiterates arguments pertaining to the alleged medical opinion errors. (Dkt. # 21 at 15-16.) Thus, this assignment of error need not be addressed separately.

ORDER - 1

DISMISSES the case with prejudice.

## II. BACKGROUND

Claimant was born in 1971, had an 11th-grade education and a GED, and worked as a caregiver, grocery deli worker, kitchen helper, housekeeper, and childcare provider. AR at 47, 413. Claimant was last gainfully employed in October 2013. *Id.* at 49.

In July 2014, Claimant applied for benefits, alleging disability as of October 16, 2013. AR at 350-63. Claimant's applications were denied initially and on reconsideration, and Claimant requested a hearing. *Id.* at 195-98, 203-09. After the ALJ conducted a hearing in August 2016 (*id.* at 38-77), the ALJ issued a decision finding Claimant disabled as of July 2, 2015, but not disabled before that date. *Id.* at 163-79.

The Appeals Council granted Claimant's request for review of the ALJ's decision, vacated it and remanded for further administrative proceedings. AR at 189-91. The ALJ held another hearing in February 2019 (*id.* at 78-104), and subsequently issued a decision finding Claimant not disabled during any portion of the adjudicated period. *Id.* at 15-29.

Utilizing the five-step disability evaluation process,[3] the ALJ found:

Step one: Claimant has not engaged in substantial gainful activity since the alleged onset date.

Step two: Claimant has the following severe impairments: degenerative disc disease, degenerative joint disease, spondylosis, cholelithiasis, mood disorder, anxiety disorder, benzodiazepine dependence disorder, alcohol dependence disorder, personality disorder, hypertension, facet degeneration, sciatica, and hypothyroidism.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[4]

RFC: Claimant can perform light work with additional limitations: she can occasionally crawl and climb ladders, ropes, and scaffolds. She can frequently stoop, kneel, crouch,

---
[3] 20 C.F.R. §§ 404.1520, 416.920.

[4] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

and climb ramps or stairs. She cannot have concentrated exposure to hazards. She can perform simple, routine tasks, with no more than occasional changes in the work setting or work process. She cannot have more than occasional, superficial interaction with co-workers and the public.

Step four: Claimant can perform her past relevant work as a housekeeper and is therefore not disabled.

Step five: In the alternative, as there are other jobs that exist in significant numbers in the national economy that Claimant can perform, Claimant is not disabled.

AR at 15-29.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

ORDER - 3

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err in Expressing the RFC Assessment

At step four, the ALJ must identify a claimant's functional limitations or restrictions, and assess his or her work-related abilities on a function-by-function basis, including a required narrative discussion. *See* 20 C.F.R. §§ 404.1545, 416.945; Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (Jul. 2, 1996).

Plaintiff contends that the ALJ's RFC assessment fails to satisfy the function-by-function requirement because it describes Claimant's exertional abilities in terms of an ability to perform light work, without more specificity as to her ability to stand, walk, and sit. (Dkt. # 21 at 4-6.) A similar argument was recently considered by the Ninth Circuit, which held that reference to an exertional category defined in the regulations and SSR 83-10 adequately defines the exertional capabilities of a claimant. *See Terry v. Saul*, Case No. 19-56000, slip op. at 6 (9th Cir. May 28, 2021).

As in *Terry*, the Court finds that the ALJ's reference to "light work" as defined in the regulations adequately defines Claimant's exertional abilities, given that SSR 83-10 defines "light work" to require standing/walking off and on for approximately six hours per workday, with intermittent sitting for the remainder of the workday. *See* 1983 WL 31251 at *5-6 (Jan. 1, 1983). Accordingly, the Court finds no error in the ALJ's expression of Claimant's RFC via reference to a defined exertional category.

**B. The ALJ Did Not Err in Assessing Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of some of the medical opinions, each of which the Court will address in turn.

*1. Legal Standards[5]*

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

*2. Justin Taylor, M.D.*

Dr. Taylor examined Claimant in May 2016 and completed a narrative report and checkbox form describing her physical symptoms and limitations. AR at 602-12. The ALJ summarized Dr. Taylor's opinion and explained that he rejected it because Dr. Taylor's conclusions are inconsistent with his own examination findings as well as the longitudinal medical evidence, which show Claimant's normal strength, sensation, motor functioning, and gait. *Id*. at 25. The ALJ also noted that, as an examining physician, Dr. Taylor was not aware of Claimant's longitudinal functioning. *Id*.

Plaintiff argues that Dr. Taylor's opinion was entitled to more weight because he examined Claimant. (Dkt. # 21 at 6.) This request for a reweighing of Dr. Taylor's opinion does

---

[5] Because Claimant applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions. To the extent that Plaintiff contends the Commissioner's brief cited regulations not applicable to Claimant's applications (dkt. # 23 at 4), Plaintiff is incorrect. (*See* Dkt. # 22 at 4-7.)

not establish error in the ALJ's primary reason to discount Dr. Taylor's opinion: that Dr. Taylor's opinion was inconsistent with his own examination findings as well as other findings in the longitudinal record. This is a specific, legitimate reason to discount Dr. Taylor's opinion, and would also be sufficient to support discounting a treating physician's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between a treating physician's opinion and the medical record). Accordingly, Plaintiff has failed to show that the ALJ erred in finding Dr. Taylor's opinion to be inconsistent with evidence in the record, or erred in discounting the opinion on that basis. The Court declines to reweigh Dr. Taylor's opinion in the manner requested by Plaintiff based on his status as an examining physician.

        3.        *Jennifer McDonald, Ph.D.*

Dr. McDonald performed a psychological examination of Claimant in November 2014 and wrote a narrative report describing her symptoms and limitations. AR at 586-90. The ALJ summarized Dr. McDonald's opinion and explained that he gave it no weight in light of inconsistencies between the opinion and Claimant's generally normal mental status examinations elsewhere in the record, as well as Dr. McDonald's lack of familiarity with Claimant's longitudinal functioning. *Id*. at 25.

Plaintiff argues that the ALJ erred in characterizing Claimant's other mental status examinations as normal. (Dkt. # 21 at 10-11.) On the contrary, the ALJ cited many generally normal findings as to appearance, cooperation, eye contact, memory, fund of knowledge, attention and concentration, thought processes and content, insight, and judgment.[6] AR at 25

---

[6] Although Plaintiff points to some examination findings that he contends supports Dr. McDonald's opinion (dkt. # 21 at 10-11), he has not shown that the ALJ mischaracterized the record as to the findings in the categories he referenced, and thus has not shown that the ALJ's stated reasoning is erroneous. *See*

1 (citing *id*. at 588-89, 614-15, 626, 629, 632, 635, 638, 641, 727-84, 806-32). The longitudinal treatment record contains many findings inconsistent with Dr. McDonald's opinion, and Dr. McDonald was unaware of that evidence. The ALJ did not err in finding Dr. McDonald's opinion to be inconsistent with the longitudinal treatment record, or in discounting the opinion on that basis. *See Tommasetti*, 533 F.3d at 1041.

### 4. State Agency Opinions

The State agency psychological consultants rated Claimant's limitations in various areas as "moderate," and Plaintiff argues that the ALJ erred by purporting to credit these opinions (AR at 26) but translating those ratings into an RFC assessment for simple, routine tasks with occasional, superficial interaction with co-workers and the public. (Dkt. # 21 at 12 (referencing AR at 114-16, 127-29, 142-44, 154-56).) Plaintiff has failed to show error in the ALJ's decision because the State agency consultants themselves translated their ratings into a narrative description of Claimant's limitations, and the ALJ accounted for those specific limitations in the RFC assessment. *See* AR at 114-16, 127-29, 142-44, 154-56. Plaintiff has not shown that "moderate" limitations in various areas are necessarily inconsistent with the ALJ's RFC assessment, and thus has not demonstrated that the ALJ failed to fully account for the credited State agency opinions in the RFC assessment.

To the extent that Plaintiff goes on to argue that there is a conflict between the ALJ's RFC assessment and the reasoning abilities required by the jobs identified at step five (dkt. # 21

---

*Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."). Plaintiff's citation to various diagnoses, a Global Assessment of Functioning score, and an internally inconsistent finding as to homicidal ideation does not establish error in the ALJ's characterization of the record. (*See* Dkt. # 21 at 10-11 (citing AR at 626 (indicating that Claimant denies any psychotic symptoms (including homicidal ideation) and finding both no psychotic symptoms as well as "present" homicidal ideation).)

at 12), this argument also fails. The step-five jobs require Level 2 reasoning, which is consistent with the ALJ's RFC restriction to simple, routine tasks. *See* AR at 28 (citing Dictionary of Occupational Titles ("DOT") 209.587-034, *available at* 1991 WL 671802; DOT 706.684-022, *available at* 1991 WL 679050; DOT 222.687-022, *available at* 1991 WL 672133); *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1003-04 & n.6 (9th Cir. 2015). Although Plaintiff notes on reply (dkt. # 23 at 6) that *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015), does not hold that an RFC restriction to simple, routine work is consistent with Level 2 reasoning, he does not address *Rounds*, which does so imply. *See also Ranstrom v. Colvin*, 622 Fed. Appx. 687, 688-89 (9th Cir. Nov. 15, 2015) (finding that an RFC restriction to simple work is consistent with Level 2 reasoning (citing *Zavalin*, 778 F.3d at 847)).

For all of these reasons, the Court finds that Plaintiff has failed to show error related to the ALJ's assessment of the State agency opinions.

### C. The ALJ Did Not Err in Discounting Lay Statements

The record contains statements from Claimant's ex-boyfriend, boyfriend, and friend. AR at 451, 454, 491. The ALJ summarized the statements and found that they "essentially restate the claimant's allegations" and are inconsistent with the longitudinal medical record as well as Claimant's activities. *Id*. at 27. Plaintiff argues that the ALJ failed to provide germane reasons to discount the lay statements, as required in the Ninth Circuit. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

Plaintiff argues that the ALJ's reasoning "lacks sufficient detail and is too general to allow for reasonable review." (Dkt. # 21 at 13.) On the contrary, the ALJ accurately found that the lay statements described physical limitations that mirrored Claimant's allegations and were

inconsistent with the record showing that Claimant "experienced generally intact physical functioning prior to her death." AR at 26-27. The ALJ's discussion of Claimant's physical allegations addresses the limitations described by the lay witnesses. *See id*. at 21-22. Because Plaintiff has not shown that the ALJ mischaracterized the lay statements in finding them to be similar to Claimant's physical allegations, the ALJ's unchallenged reasoning discounting Claimant's physical allegations as inconsistent with the medical record applies with equal force to the lay statements, as the ALJ found. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony"); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.").

Because the ALJ provided at least one germane reason to discount the lay statements, the Court affirms the ALJ's assessment of the lay evidence.

### D. Any Error at Step Four is Harmless

Plaintiff argues that the ALJ erred in defining Claimant's past work as a housekeeper to be "past relevant work," because it did not constitute substantial gainful activity. (Dkt. # 21 at 14-15.) The Commissioner contends that any error at step four is harmless because the ALJ proceeded to step five and identified other jobs that exist in significant numbers that Claimant could have performed. (Dkt. # 22 at 10-11.) On reply, Plaintiff admits that any step-four error is harmless in light of the step-five findings. (Dkt. # 23 at 9.) Thus, the Court need not address the adequacy of the step-four findings.

//

//

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 29th day of June, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge